UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| MICHAEL GODDARD, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | No. 4:05-CV-1991-CEJ |
| ALAN BLAKE, | ) | |
| Defendant. | ) | |

### ORDER AND MEMORANDUM

This matter is before the Court upon the application of Michael Goddard for leave to commence this action without payment of the required filing fee. *See* 28 U.S.C. § 1915(a). Upon consideration of the financial information provided with the application, the Court finds that plaintiff is financially unable to pay any portion of the filing fee. Therefore, plaintiff will be granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a).

### 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis at any time if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief may be granted if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Jackson Sawmill Co. v. United States*, 580 F.2d 302, 306 (8th Cir. 1978).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the

complaint the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. *Denton v. Hernandez*, 504 U.S. 25, 31-32 (1992); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974), *overruled on other grounds, Davis v. Scherer*, 468 U.S. 183 (1984).

**The complaint**

Plaintiff, a civilly committed resident of the Missouri Sexual Offender Treatment Center ("MSOTC"), seeks monetary, declaratory and injunctive relief in this action brought pursuant to 42 U.S.C. § 1983. The named defendant is Alan Blake (MSOTC Administrative Director).

Liberally construing the complaint, it appears that plaintiff is challenging the following conditions of confinement at the MSOTC: 1) he must remain in the small dayroom from 7:00 A. M. to 8:00 P. M. with no television and no radio and cannot return to his room and lie down; 2) he is not allowed contact visits; 3) he is met with "deadly force," in that the MSOTC is a maximum security facility, and he is incarcerated behind an "armed triple razor wire"; 4) he is not allowed physical exercise; and 5) the Hoctor 3 ward, where he is detained is designed to punish, not treat, the residents. Plaintiff asserts that defendant Blake may be held liable for policy decisions which create unconstitutional conditions.

**Discussion**

**A.    Personal involvement.**

The first question that arises is whether defendant Blake may be held liable for the alleged violations of plaintiff's constitutional rights. Clearly, he may not be held liable on the basis of his status as the MSOTC Administrative Director. *See Glick v. Sargent*, 696 F.2d 413, 414-15 (8th Cir. 1983) (per curiam) (*respondeat superior* theory inapplicable in § 1983 suits). However,

"chief executive officers of penal institutions, such as '[a] prison warden can be held liable for policy decisions which create unconstitutional conditions.'" *Reutcke v. Dahm*, 707 F.Supp. 1121, 1134 (D.Neb.1988) (*quoting Martin v. Sargent*, 780 F.2d 1334, 1338 (8th Cir. 1985); *Ouzts v. Cummins,* 825 F.2d 1276, 1277 (8th Cir. 1987) (per curiam). Thus, defendant Blake, as the MSOTC Administrative Director, can be held liable for policy decisions that create unconstitutional conditions. Accordingly, the Court will consider plaintiff's claims as to defendant Blake.

**B.      42 U.S.C. § 1983 claims.**

Because plaintiff is a civil detainee, his claims are, in general, analyzed under the Fourteenth Amendment's Due Process Clause rather than under the Eighth Amendment. *See Bell v. Wolfish*, 441 U.S. 520, 535, n. 16 (1979). For the conditions and restrictions placed upon plaintiff to violate his due process rights, they must constitute punishment. *Cf. Bell,* 441 U.S. at 536-39 (condition of pretrial detention that is reasonably related to legitimate government interests does not amount to punishment).

However, in the context of pretrial detention, the Eighth Circuit Court of Appeals has applied the Eighth Amendment "deliberate indifference" standard for determining whether such detention is unconstitutionally punitive. *Owens v. Scott County Jail*, 328 F.3d 1026, 1027 (8th Cir. 2003) (*citing Whitnack v. Douglas County*, 16 F.3d 954, 957 (8th Cir. 1994); *Smith v. Copeland*, 87 F.3d 265, 268 n.4 (8th Cir. 1996) (burden of showing constitutional violations is lighter for pretrial detainee than prisoners).

Persons involuntarily committed to the state's custody by means of a civil proceeding - even those committed under Missouri's SVPA - "enjoy[] constitutionally protected interests in conditions of reasonable care and safety, reasonably nonrestrictive confinement conditions, and such

training as may be required by these interests." *Thielman v. Leean,* 140 F.Supp.2d 982, 989 (W.D.Wis. 2001) (*quoting Youngberg v. Romeo,* 457 U.S. 307, 324, 102 S.Ct. 2452 (1982). "Moreover, due process requires that the conditions and duration of confinement relate reasonably to the purpose for which persons are committed." *Id.* (*citing Seling v. Young,* 531 U.S. 250, 121 S.Ct. 727, 736 (2001). If limitations on a pretrial detainee's freedom are rationally related to a legitimate nonpunitive governmental purpose, they amount to punishment in any event if "they appear excessive in relation to that purpose." *Bell,* 441 U.S. at 561, 99 S.Ct. at 1886. "[T]he practice of housing detainees in conditions more severe than convicted inmates" is unconstitutional. *United States ex rel. Tyrell v. Speaker,* 535 F.2d 823 (3d Cir.1976).

### 1. Restriction to the day room.

Plaintiff states that he must spend thirteen hours a day in a day room without television or a radio and without the opportunity to return to his room and lie down. If the confinement conditions on Hoctor 3 are more restrictive than confinement conditions for inmates, if plaintiff has less freedom of movement, is under constant supervision, has few recreational and vocational opportunities, and all of his daytime hours must be spent in the day room, such conditions may be unconstitutionally punitive and, thus, may constitute punishment in violation of the Due Process Clause of the Fourteenth Amendment as well as rise to the level of deliberate indifference in violation of plaintiff's Eighth Amendment rights. *See Owens,* 328 F.3d at 1027; *Eckerhart v. Hensley*, 475 F.Supp. 908, 924 (W.D. Mo.1979), *vacated on other grounds*, 716 F.2d 909 (8th Cir. 1983) (table).

In *Bell*, the Supreme Court determined that the practice of "double-bunking" did not violate detainees' constitutional rights because the detainees were "locked in their rooms from 11 p.m. to 6:30 a.m. and for brief periods during the afternoon and evening head counts." 441 U.S. at 541,

99 S.Ct. at 1875. The detainees could "move about freely between their rooms and the common areas" during the rest of the day. *Id.* While the issue here involves a different kind of restriction, the Court cannot say, weighing all factual allegations in favor of the plaintiff, that being restricted to the day room from 7:00 A. M. to 8:00 P. M. does not "amount to punishment in the constitutional sense of that word." *Id.* at 538, 99 S.Ct. at 1873 (citation omitted). Accordingly, the Court finds that plaintiff's complaint as to this issue survives review pursuant to 28 U.S.C. § 1915(e)(2)(B) and should not be dismissed at this time.

### 2. Lack of exercise.

Plaintiff alleges that he is not allowed time for physical exercise, either indoors or outside. Inadequate recreation time may constitute deliberate indifference. *Divers v. Department of Corrections* 921 F.2d 191, 194 (8th Cir. 1990) (Plaintiff's claim that he is allotted only forty-five minutes of exercise time a week may constitute an Eighth Amendment violation.). As the Sixth Circuit Court of Appeals observed in *Patterson v. Mintzes,* 717 F.2d 284 (6th Cir.1983), "[i]t is generally recognized that a total or near-total deprivation of exercise or recreational opportunity, without penological justification, violates Eighth Amendment guarantees." 717 F.2d at 289. Accordingly, the Court finds that plaintiff's complaint as to this issue survives review pursuant to 28 U.S.C. § 1915(e)(2)(B) and should not be dismissed at this time.

### 3. Lack of contact visitation.

Plaintiff alleges that he is allowed no contact visits. "Visitation is a privilege and within the correctional facility's province to administer as it sees fit." *Burke v. Rudnick*, 2000 WL 33339652, *3 (D.N.D. 2000). An inmate has no constitutional right to contact visitation. *Harmon v. Auger* 768 F.2d 270, 273 (8th Cir. 1985) (citing *Block v. Rutherford,* 468 U.S. 576, 104 S.Ct.

3227 (1984)). Thus, the restriction on contact visits cited by plaintiff cannot rise to the level of a § 1983 claim. Accordingly, the Court finds that plaintiff's complaint as to this issue does not survive review pursuant to 28 U.S.C. § 1915(e)(2)(b) and should be dismissed.

### 4. Security restrictions.

Plaintiff alleges that he is met with "deadly force" in violation of his constitutional rights, in that the MSOTC is a maximum security facility, and he is incarcerated behind an "armed triple razor wire." Plaintiff attaches an exhibit to his complaint, which sets forth security guidelines with regard to the MSOTC's fence, alarms and residents. Plaintiff's Exhibit A. The guidelines provide that "[e]scape prevention measures may include lethal force if all other avenues fail...." *Id*. Plaintiff's citation to *Eckerhart,* 475 F.Supp. at 924 is unhelpful to him. The Court in *Eckerhart* stated that "plaintiffs may be legitimately confined and subjected to conditions and restrictions inherent in such confinement, as long as those restrictions do not amount to punishment or are otherwise violative of the Constitution." *Id*. Nothing in plaintiff's complaint leads to the inference that his confinement in such conditions constitutes punishment. The State of Missouri has an interest in protecting the public from the risks posed by sex offenders. *See Addington v. Texas*, 441 U.S. 418, 426, 99 S.Ct. 1804, 1809 (1979) ("..[T]he state...has authority under its police power to protect the community from the dangerous tendencies of some who are mentally ill."). The mere fact that the MSOTC is a maximum security institution does not violate the Constitution. Accordingly, the Court finds that plaintiff's complaint as to this issue does not survive review pursuant to 28 U.S.C. § 1915 and should be dismissed.

### 5. Detention in Hoctor 3 ward.

Plaintiff challenges his detention in Hoctor 3 ward as being designed to punish, rather

6

than treat, the residents. As the Supreme Court observed in *Bell*, in the context of pretrial detention, "Not every disability imposed...amounts to 'punishment' in the constitutional sense,..." *Bell*, 441 U.S. at 537, 99 S.Ct. at 1873. The Court continued, "...the fact that such detention interferes with the detainee's understandable desire to live as comfortably as possible and with as little restraint as possible during confinement does not convert the conditions or restrictions of detention into 'punishment.'" *Id*.

As the Supreme Court has made clear, when evaluating whether a civil detainee's due process rights have been violated, the courts must defer to the decisions of professionals. *Youngberg,* 457 U.S. at 323, 102 S.Ct. 2452. In short, those responsible for a civil detainee's care and treatment do not have employ the best possible alternative or use the least restrictive means available. *See Thielman,* 140 F. Supp.2d at 992 ("so long as [the] choice was made by a professional, it is presumptively valid even if it is not the best alternative"); *Collington v. Milwaukee County*, 163 F.3d 982, 990 (7th Cir. 1998) (mere disagreement about which of many professionally acceptable treatment plans should have been implemented does not make out a substantive due process claim).

Plaintiff's allegation that Hoctor 3 punishes, rather than treats, residents falls into the category of mere disagreement over how civil detainees should be cared for and treated and does not indicate a complete lack of professional judgment necessary to show a due process claim and, therefore, should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

To the extent that plaintiff is challenging his current confinement, § 1983 is not the proper vehicle to do so. A challenge to the fact or duration of one's confinement must done through a writ of habeas corpus, *see Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973), and only after exhausting his available state remedies. *See* 28 U.S.C. § 2254(b). Second, to the extent that plaintiff

seeks damages stemming from his allegedly unconstitutional confinement, plaintiff has failed to state a claim upon which relief may be granted. A judgment awarding plaintiff damages for being illegally confined would necessarily call into question the validity of his confinement. Consequently, plaintiff cannot proceed on his damages claim unless and until the judgment finding that he is a sexually violent predator has been reversed or otherwise called into question. *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). Accordingly, the Court finds that plaintiff's complaint as to this issue does not survive review pursuant to 28 U.S.C. § 1915 and should be dismissed.

### C. Motion for appointment of counsel.

Plaintiff moves for appointment of counsel [Doc. 3]. The Court is of the opinion that plaintiff's complaint is not so complex legally or factually as to require appointment of counsel at this time. *See Stevens v. Redwing*, 146 F.3d 538, 546 (8th Cir. 1998) (discussing factors considered by court in determining whether to appoint counsel). Additionally, based on plaintiff's complaint, it appears that he can adequately prosecute his claim for the foreseeable future. *Id.* Therefore, the Court will deny plaintiff's motion for appointment of counsel without prejudice.

### Conclusion

In accordance with the foregoing, the Court finds that this matter survives review under 28 U.S.C. 1915(e)(2)(B) as to plaintiff's conditions of confinement claims that he spends thirteen hours a day in the day room and that he is allowed no exercise. As to these issues, the Court will direct that process issue against the named defendant.

In accordance with the foregoing,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis [Doc. 5] be **GRANTED**. *See* 28 U.S.C. § 1915(a).

8

**IT IS FURTHER ORDERED** that plaintiff's motion for leave to proceed in forma pauperis [Doc. 1] be **DENIED** as moot.

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel [Doc. 3] be **DENIED** without prejudice.

**IT IS FURTHER ORDERED** that the Clerk shall issue process or cause process to issue upon the complaint.

Dated this 22nd day of December, 2005.

_____
**UNITED STATES DISTRICT JUDGE**